# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | | |
|---|---|---|
| **ANNETTE AYALA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case  No. EDCV 14-1768 AJW** |
| | ) | |
| **v.** | ) | **MEMORANDUM OF DECISION** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social** | ) | |
| **Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Plaintiff filed this action seeking reversal of the decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

## Administrative Proceedings

The parties are familiar with the procedural facts.  [See JS 2]. In a February 4, 2013 written hearing decision that constitutes the Commissioner's final decision in this matter, the Administrative Law Judge ("ALJ")  found that plaintiff's date last insured was September 30, 2008.  The ALJ concluded that plaintiff was disabled due to a spinal impairment that equaled section 1.04(A) of the Listing of Impairments from April 10, 2003 through December 14, 2004, and again from May 31, 2007 through February 1, 2009. Although he found plaintiff disabled prior to her date last insured, the ALJ found that plaintiff was not

entitled to disability benefits because she did not file an application for benefits until March 2011, more than 12 months after the date her disability ended. See 20 C.F.R. § 404.320(b)(3). The ALJ also concluded that plaintiff was not disabled from December 17, 2004 through May 31, 2007 and after February 1, 2009 because medical improvement occurred related to her ability to work. The ALJ found that between December 17, 2004 and May 31, 2007, plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary work and could perform alternative work available in significant numbers in the national economy. [JS 1-2; Administrative Record ("AR") 16-28 ].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Medical opinion evidence**

Plaintiff contends that the ALJ erred by "completely ignor[ing]" the August 2012 opinion of plaintiff's treating physician's opinion, Dr. Bergey, that plaintiff could perform what amounts to less than sedentary work. [See JS 2-5; AR 355-357]. Defendant concedes that the ALJ erred by failing to address Dr. Bergey's opinion, but she contends that the ALJ's error was harmless. [JS 5-7].

In general, "[t]he opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)); see Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). A treating physician's opinion is entitled to greater weight than those of examining or nonexamining

physicians because "treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual . . . ." Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001) (quoting Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996) and citing Social Security Ruling ("SSR") 96-2p, 1996 WL 374188); see, 20 C.F.R. §§ 404.1502, 404.1527(c)(2), 416.902, 416.927(c)(2).

If a treating source opinion is uncontroverted, the ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting it. If contradicted by that of another doctor, a treating or examining source opinion may be rejected for specific and legitimate reasons that are based on substantial evidence in the record. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Tontapetyan, 242 F.3d at 1144, 1148-1149; Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). An ALJ errs by "totally ignor[ing] [the opinion of ] a treating doctor and his or her notes, without even mentioning them." Marsh v. Colvin, 792 F.3d 1170, 1172-1173 (9th Cir. 2015) (holding that the ALJ erred in failing to mention, or give specific and legitimate reasons for rejecting, a treating doctor's progress note stating that the claimant's impairment rendered her "pretty much nonfunctional") (citing Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion . . . he errs.")).

"ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination,'" and "a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Marsh, 792 F.23d at 1173 (quoting Stout, 454 F.3d at 1055-1056). "Where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary. By contrast, where harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate." Marsh, 792 F.3d at 1173 (quoting McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011)).

In Marsh, the Ninth Circuit noted that its "precedents do not quantify the degree of certainty needed to conclude that an ALJ's error was harmless . . . ." Marsh, 792 F.3d at 1173.  It reasoned, however, that since Ninth Circuit law "surely implies that an ALJ must discuss the relevant views of a treating source," the ALJ's failure to do so was an error of "more significant" magnitude, and that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." Marsh, 792 F.3d at 1173. Acknowledging that the district court had given "persuasive reasons" for finding the ALJ's error harmless,

the Ninth Circuit nonetheless reversed and remanded in Marsh, explaining that the disability decision rests with the Commissioner "in the first instance, not with a district court," and that since "the ALJ did not even mention" the treating physician's opinion, "we cannot 'confidently conclude' that the error was harmless." Marsh, 792 F.3d at 1173. Under Marsh, the ALJ's error in failing to mention or give any reasons for rejecting Dr. Bergey's opinion that plaintiff could do less than sedentary work creates a substantial likelihood of prejudice in light of Ninth Circuit law requiring an ALJ to articulate specific, legitimate reasons based on substantial evidence for rejecting a treating source opinion.

The Commissioner contends that the ALJ's error was harmless because Dr. Bergey's opinion was rendered in August 2012 and gives no indication that it was meant to be retrospective. The Commissioner argues that since plaintiff "needed to demonstrate disability beginning on or before her [date last insured] of September 30, 2008," Dr. Bergey's opinion is "wholly irrelevant" to the issue of whether plaintiff was disabled during the relevant time period. [JS 7].

In the circumstances of this case, that contention lacks merit. There is no dispute that plaintiff became disabled before her date last insured; the ALJ found that the medical expert's testimony and contemporaneous medical records demonstrated that she became disabled in April 2003 and again in May 2007. The dispute concerns when or whether plaintiff's disability ceased. The ALJ concluded that plaintiff's disability ended between December 2004 and May 2007 and after February 1, 2009 because medical improvement occurred related to her ability to work. The ALJ also found that during the period between December 2004 and May 2007, plaintiff retained the RFC to perform work available in significant numbers in the national economy.[1]   [AR 20-28].

In order to find that plaintiff's periods of disability ended due to medical improvement, the ALJ was required to conduct a detailed analysis of the record evidence and make numerous specific findings. To determine whether a claimant's disability continues, the Commissioner asks whether substantial evidence demonstrates medical improvement in the claimant's impairment related to the ability to work, and whether the claimant's medical improvement means that he or she is able to engage in substantial gainful activity. See 42 U.S.C. § 423(f); 20 C.F.R. §§ 404.1594, 416.994;  Murray v. Heckler, 722 F.2d 499, 500 (9th Cir.

---

[1]   The ALJ also found that medical improvement related to plaintiff's ability to work occurred on February 1, 2009, but the ALJ did not make an RFC finding for the period beginning on February 1, 2009. [See AR 23-28].

1983). The ALJ must compare the medical severity of the claimant's impairments that were present when the claimant was most recently found disabled to the current medical severity of those same impairments. The ALJ must determine both that the medical severity of those impairments has decreased and that the claimant's functional capacity to do basic work activities has increased. Only if both of those conditions are satisfied has there been medical improvement related to the ability to work. If the claimant's condition has medically improved and the improvement is related to the ability to work, the Commissioner will then consider the claimant's current impairments and determine whether these may, nonetheless, preclude substantial gainful activity. See generally 20 C.F.R. §§ 404.1594, 416.994. A sequential analysis which includes consideration of all these factors is set forth in the regulations. The severity of all current impairments must be analyzed, plaintiff's RFC must be assessed based on all current impairments, and the issues whether or not a claimant is capable of past relevant work and whether a claimant, considering age, education and work experience, can do other work, must be considered. See 20 C.F.R. §§ 404.1594(f); 416.994(b)(5). In essence, the sequential five-step analysis originally applied to determine disability is applied once again.

Since the ALJ found that plaintiff's disability ceased due to medical improvement more than 12 months before she filed her application for disability insurance benefits, and therefore that she was not entitled to benefits for her periods of disability, the ALJ's silent disregard of Dr. Bergey's treatment reports from 2011 and 2012 and his August 2012 opinion created a substantial likelihood of prejudice on the issue of whether or when her disability ceased. The ALJ was not free to ignore evidence that was relevant to show whether medical improvement occurred and whether or when her disability ceased, including Dr. Bergey's opinion. Accordingly, the ALJ's error was not harmless.

In addition, the ALJ explicitly stated that in making his decision, he "read and considered all the medical evidence in the record, including evidence from the period prior to [plaintiff's] alleged onset date *and after her date last insured.*" [AR 25 (emphasis added)]. The ALJ not only acknowledged that he considered evidence from the period after plaintiff's date last insured, he also cited and discussed specific evidence from that period to support his finding that medical improvement occurred as of February 2, 2009, ending plaintiff's second period of disability. [See AR 26]. Since the ALJ considered evidence from the period after plaintiff's date last insured and actually relied on some of that evidence to support his decision, Dr. Bergey's opinion was not irrelevant, and the ALJ's failure to provide legally sufficient reasons for

rejecting it was not harmless.

**Remedy**

The appropriate remedy in this case is to remand this matter to the Commissioner for further administrative proceedings. On remand, the Commissioner shall direct the ALJ to conduct a supplemental hearing, consider the record as a whole, including Dr. Bergey's opinion, and to issue a new hearing decision containing appropriate findings. See Marsh, 792 F.3d at 1173 (reversing and remanding with instructions).[2]

**Conclusion**

For the reasons described above, the Commissioner's decision is **reversed**, and the case is **remanded** to the Commissioner for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED**.

February 25, 2016



_____
ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

---

[2]   This disposition makes it unnecessary to consider plaintiff's remaining contention that the ALJ's credibility finding is erroneous. On remand, the ALJ should reevaluate the credibility of plaintiff's subjective complaints in light of a proper assessment of the medical evidence and the record as a whole.